Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C.S., by and through his parents and guardians, S.S. and K.S.; and D.Z., by and through his parents and guardians, E.Z. and J.Z., each individually, on behalf of similarly situated individuals, and on behalf of THE BOEING COMPANY MASTER WELFARE PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY MASTER WELFARE PLAN, and THE BOEING COMPANY EMPLOYEE BENEFIT PLANS COMMITTEE,<br><br>Defendants. | NO. 2:14-cv-00574-RSM<br><br>ORDER:<br><br>(1) GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT; AND<br><br>(2) APPROVING AND DIRECTING DISBURSEMENTS FROM QUALIFIED SETTLEMENT TRUST FUND |

Upon consideration of Plaintiffs' unopposed motion pursuant to Federal Rule of Civil Procedure 23(e) for an order approving the settlement of this Action (the "Motion for Final Approval"), in accordance with the Parties' Settlement Agreement dated as of June 5, 2015 (the "Agreement"), which together with the Appendices annexed thereto sets forth the terms and conditions for a settlement of the Action, and the Court having read and considered the Agreement, enters the following findings:

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 1
[Case No. 2:14-cv-00574-RSM]

Sirianni Youtz
Spoonemore Hamburger
999 Third Avenue, Suite 3650
Seattle, Washington 98104
Tel. (206) 223-0303   Fax (206) 223-0246

1. The Court has jurisdiction over the subject matter of this Lawsuit, the Named Plaintiffs, the Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Agreement, together with all of its exhibits, is incorporated herein, and to the extent not otherwise defined herein, all capitalized words, terms, and phrases used herein shall have the same meaning as used in the Agreement.

3. The Settlement Class is that defined and preliminary certified by the Court for settlement purposes only under Fed. R. Civ. P. 23(b)(1) on June 9, 2015 (Dkt. No. 36).

4. The Court finds that the requirements of Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the distribution of the notice to class members. The record reflects that the Claims Processor mailed 1,428 approved notices and claims material to participants or beneficiaries enrolled in a self-funded health coverage option during the class period who have an Autism diagnosis and made a claim for any Autism treatment provided while they were Washington State residents ("Notices"). Dkt. No. 37. The Court finds that direct mail notice to class members was the best notice practical, and meets the requirements of due process.

5. The Court further finds that appropriate notice to state and federal official was provided pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court also finds that Defendants have fully satisfied their obligations under CAFA.

6. The Class Processor did not receive any objections or comments to the Agreement.

7. Based on the record before it, the Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that the Agreement attached as Appendix 1 to the Motion for Preliminary Approval is fair, reasonable, and adequate. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; (b) there is no evidence

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 2
[Case No. 2:14-cv-00574-RSM]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

of fraud, collusion, or overreaching or that the rights of absent Class Members were disregarded; and (c) counsel has sufficient experience in similar litigation to propose and recommend the Agreement.  The Court further finds that the Agreement includes Coverage Agreements pertaining to ABA therapy to treat ASD as set forth in Paragraph 6 of the Agreement.  The Court also finds that the Agreement provides significant retrospective relief in that class members with approved claims will receive full reimbursement for unpaid ABA claims during the class period.

8. From the outset of this case, the Settlement Class faced and continues to face numerous affirmative defenses and litigation risks that could create a complete bar to recovery or leave Class Members with a recovery less than that presented under the Agreement.  The Agreement is fair and reasonable under the circumstances.  Therefore, the Agreement is approved under Federal Rule of Civil Procedure 23(e).

9. The Court authorizes the payment of approved class member claims in this action.  The Claims Processor is directed to pay all valid claims from the Qualified Settlement Trust Fund.  There is a dispute over whether a late claim is valid.  If informal resolution is not possible, then the parties will seek resolution of the dispute.

10. Class Counsel have sought an attorneys' fees award, exclusive of costs and expenses, in an amount equal to 25% of the Settlement Amount, i.e., $225,000, and reimbursement for out-of-pocket litigation costs incurred totaling $9,737.45.

11. The Court approves class counsel request for attorneys' fees totaling $225,000.  No Class Member has objected to this amount, which is evidence that the Class Members find the request to be fair.  This amount is fair and reasonable.  This award also results in a multiplier of 1.59, which is within an acceptable range.  *See Vizcaino v. Microsoft*, 290 F.3d 1043, 1051 (9th Cir. 2002) (multiplier of 3.65 "was within the range of multipliers applied in common fund cases").  The Court awards these attorneys' fees to Class Counsel for its efforts in this action, and authorizes and directs

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 3
[Case No. 2:14-cv-00574-RSM]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

the disbursement of $225,000 from the Qualified Settlement Trust Fund to Class Counsel.

12.     The Court also approves Class Counsel's request for reimbursement of $9,737.45 in litigation costs.  These costs were documented, are reasonable, and were necessary to advance the interests of the class.  No Class Member has objected to Class Counsel's request for reimbursement of litigation costs.  In addition to the fees, the Court also authorizes and directs the disbursement of $9,737.45 from the Qualified Settlement Trust Fund to Class Counsel as litigation costs in this matter.

13.     The Court approves the payment of incentive awards to the two class representatives.  S.S. and K.S., the parents and guardians of C.S., are awarded $10,000 as an incentive award.  E.Z. and J.Z., the parents and guardians of D.Z., are also awarded $10,000 as an incentive award.  The Court authorizes and directs the disbursement of $10,000 to each of the two families from the Qualified Settlement Trust Fund.

14.     The Released Claims, as defined in the Agreement, are released and discharged as of the Effective Date of the Agreement.  The Named Plaintiffs on behalf of themselves and, to the full extent permitted by law, on behalf of the Class Members, are enjoined and barred from commencing or prosecuting, either directly or indirectly any of the Released Claims against any Releasee directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum, where located.

15.     Defendants, upon the Effective Date of the Agreement, have released and discharged the Named Plaintiffs, the Settlement Class, and Class Counsel from any and all claims based on the institution or prosecution of the Action.

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 4
[Case No. 2:14-cv-00574-RSM]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

16. The Court recognizes that Defendants have denied and continue to deny Named Plaintiffs' and Class Members' claims. Neither the Agreement, this Final Approval Order, the Preliminary Approval Order, drafts of such orders, any papers related to the Agreement, nor the fact of the Agreement shall be used as a finding or conclusion of the Court, or an admission of Defendants or The Boeing Company, or any other person or entity, of any fault, omission, mistake, or liability, nor as evidence of Named Plaintiffs' or any Class Member's lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and the orders of this Court approving same shall be admissible only in proceedings to enforce the Agreement or this Order, but not as admission of liability in the underlying Action. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action.

17. Class counsel is directed to submit a final report to the Court regarding claims processing and disbursement of funds from the Qualified Settlement Fund, which shall be no later than 30 days after the Claims Processor processes all valid claims. Within 60 days after the submission of this report, the Claim Processor shall cause the Qualified Settlement Fund to return to The Boeing Company any remaining funds in the Qualified Settlement Fund, minus any court-approved or agreed holdback for expenses incurred by not yet paid, taxes, and estimated administrative expenses necessary to complete the activities of, and close the Qualified Settlement Fund. Any part of the holdback remaining after all expenses and other liabilities of the Qualified Settlement Fund are paid shall be returned to The Boeing Company upon closure of the Qualified Settlement Fund.

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 5
[Case No. 2:14-cv-00574-RSM]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

It is so ORDERED this 9 day of November 2015.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Agreed and Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

　　*/s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)

Attorneys for Plaintiffs


MORGAN LEWIS & BOCKIUS, LLP

　　*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld *(admitted pro hac vice)*
Nicole A. Diller *(admitted pro hac vice)*
Roberta H. Vespremi *(admitted pro hac vice)*

RIDDELL WILLIAMS, P.S.

　　*/s/ Laurence A. Shapero*
Laurence A. Shapero (WSBA #31301)

Attorneys for Defendants

ORDER APPROVING
SETTLEMENT AGREEMENT, ETC.– 6
[Case No. 2:14-cv-00574-RSM]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246